**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.M., *individually and on behalf of K.M.*, <br><br> Plaintiff, <br><br> v. <br><br> PATERSON BOARD OF EDUCATION, <br><br> Defendant. | Civil Action No. 17-11948 (JMV) <br><br> **OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff M.M. ("Plaintiff") seeking leave to file an Amended Complaint [Dkt. No. 26] and a cross-motion by Defendant Paterson Board of Education (the "District" or "Defendant") to dismiss Plaintiff's Complaint [Dkt. No. 31]. For the reasons set forth below, Plaintiff's motion to amend [Dkt. No. 26] is **GRANTED** and Defendant's cross-motion to dismiss [Dkt. No. 31] is **DENIED as moot**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

According to the Complaint, K.M. began the 2016 to 2017 school year in eighth grade at the New Roberto Clemente School in the Paterson Public School District. K.M. had previously received an Individualized Education Plan ("IEP"). In January 2017, K.M. was diagnosed with depression and other disorders and was recommended for inpatient hospitalization, sixty days of in-home instruction, and therapeutic placement. M.M. instead decided to pursue medication management for K.M. In April 2017, K.M. was transferred to another school in the District. K.M. was absent for most of the school year and in June 2017, the District notified M.M. that K.M. would remain in eighth grade and would not be promoted to high school.

1

In August 2017, M.M., asserting the denial of a Free and Appropriate Public Education ("FAPE"), filed a request in the New Jersey Office of Special Education Policy and Procedure seeking a due process hearing and emergent relief regarding K.M.'s promotion to high school. In October 2017, an administrative law judge ("ALJ") denied M.M.'s request for emergent relief. M.M.'s due process hearing was assigned to a separate ALJ and was scheduled for June 7 and 8, 2018.

On November 21, 2017, Plaintiff's Complaint was filed before this Court with an accompanying request for a preliminary injunction seeking K.M.'s promotion to high school and temporary home instruction. *See* Compl., Dkt. No. 1. Plaintiff's Complaint alleges that the District unlawfully denied K.M. a FAPE in violation of the Individuals with Disabilities Act ("IDEA") and discriminated against him in violation of the Americans with Disabilities Act and the New Jersey Law Against Discrimination. The Court denied M.M.'s request for preliminary injunctive relief and dismissed Plaintiff's IDEA claim based upon a failure to exhaust administrative remedies.[1]

In October 2018, the parties executed a settlement agreement and release (the "Settlement Agreement"). *See* Dkt. No. 26 at Ex. A. On November 1, 2018 ALJ Elissa Mizzone Testa entered an order approving the parties' settlement (the "Approval Order"). *Id.* In addition to a recitation of the substantive relief to be provided as part of the parties' settlement, the Settlement Agreement contains the following two provisions, found in Paragraphs 10 and 11, which form the basis of the present motion:

> 10. Except as otherwise set forth in paragraph 10, this Agreement fully resolves all claims that were or could have been asserted against [the District] in these due process proceedings, the Superior Court of New Jersey and the United States District Court with respect to K.M.'s and M.M.'s rights under State and federal education law, anti-discrimination laws, civil rights, and the like, up

---

[1] Plaintiff filed an appeal of the Court's Order denying the request for a preliminary injunction, which was subsequently affirmed by the United States Court of Appeals for the Third Circuit.

> to the date of the execution of this Agreement, including any claims for money damages, and [the Plaintiff] releases [the District] from any liability with respect thereto.
>
> 11. The Parties fully reserve their rights with respect to any claims for reasonable attorney's fees and costs related to this consolidated due process hearing, application for emergent relief and related filings in the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit.

*Id.*

Based upon the Settlement Agreement, Plaintiff filed the present motion seeking leave to file an Amended Complaint. Plaintiff's proposed Amended Complaint withdraws the remaining substantive claims and asserts claims for attorneys' fees and costs. *See* Dkt. No. 26 at Ex. B. Defendant, contending that the proposed amendment is futile and the product of bad faith, opposes Plaintiff's motion and moves for the dismissal of the Complaint pursuant to the Settlement Agreement. *See* Dkt. No. 31.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist.

LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

## III. DISCUSSION

Defendant contends that Plaintiff's motion should be denied because the proposed amendment is futile and the product of bad faith. The Court first addresses Defendant's assertion that the proposed amendment is futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

Defendant claims that the Amended Complaint is futile in two respects. First, Defendant maintains that Paragraph 10 of the Settlement Agreement requires the dismissal of this action in its entirety. While Paragraph 10 does indeed provide that the Settlement Agreement "fully resolves all claims that were or could have been asserted" in this matter, Defendant fails to acknowledge that Paragraph 11 of the Settlement Agreement explicitly reserves the rights of the parties to pursue attorneys' fees. Settlement Agreement at ¶¶ 10-11. Accordingly, because the Settlement

4

Agreement includes a provision reserving the parties' claims for attorneys' fees, the Court declines to find that the Settlement Agreement renders the proposed amendment futile.

Next, Defendant contends that the Amended Complaint is futile because, by virtue of this Court's dismissal of Plaintiff's IDEA claim in December 2017 for failure to exhaust administrative remedies, Plaintiff is not entitled to attorneys' fees as a "prevailing party" under the IDEA. Under IDEA's fee-shifting provision, a district court may, at its discretion, award reasonable attorney fees as part of the costs to a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). A plaintiff "prevails" within the meaning of this provision, "when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006), cert. den'd, 549 U.S. 881 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)); *see also Moorestown Twp. Bd. of Educ. v. S.D.*, 811 F. Supp. 2d 1057, 1084–85 (D.N.J. 2011).

In order to be deemed a prevailing party, a plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The 'touchstone' of the inquiry is 'the material alteration of the legal relationship of the parties.'" *A.P. v. N. Burlington Cnty. Reg. Bd. of Educ.*, Civ. A. No. 09-5811, 2010 WL 2817194, at *4 (D.N.J. July 15, 2010) (quoting *John T.*, 318 F.3d at 555). In adjudicating prevailing party status, courts in this Circuit apply a two-prong test: (1) whether the parents achieved relief on any of their claims, *id.* at *4 (citing *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991)), and (2) whether there is a causal connection between the litigation and the relief achieved. *Id.* (citing *Wheeler*, 950 F.2d at 132).

"[A] party benefiting from a settlement agreement . . . could be a "prevailing party," provided the "change in the legal relationship of the parties" was in some way "judicially sanctioned." *P.N.*, 442 F.3d at 853 (citations omitted). Accordingly, a settlement agreement can confer prevailing party status "where it alters the legal relationship of the parties and is judicially sanctioned." *Id.* A settlement agreement is "judicially sanctioned where it: 1) contains mandatory language; 2) is entitled 'Order,' 3) bears the signature of the District Court judge, not the parties' counsel; and 4) provides for judicial enforcement. *Id.* (citations omitted).

Here, Defendant contends that because Plaintiff's IDEA claim was previously dismissed, Plaintiff cannot now be considered a prevailing party. Defendant, however, neglects to address the subsequent entry of the Settlement Agreement. The Settlement Agreement, as accompanied by the ALJ Order, appears to meet the criteria to be considered "judicially sanctioned" and there is at least a colorable argument to be made that it alters the legal relationship of the parties. As required in addressing an argument of futility, the Court, taking the facts as pleaded in the proposed Amended Complaint as true and construing them in the light most favorable to Plaintiff, finds that Defendant has failed to demonstrate that the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co.*, 133 F.R.D. at 468.

The Court finds Defendant's argument that the motion was made in bad faith to be similarly unavailing. According to Defendant, because the Settlement Agreement required Plaintiff's dismissal of the claims in this action, Plaintiff's present motion seeking to continue litigation in this matter is the product of bad faith. However, as set forth above, the Settlement Agreement included a reservation of the parties' rights to pursue attorneys' fees. Accordingly, the Court declines to agree with Defendant that the present motion was made in bad faith.

Based upon the foregoing, Plaintiff's motion to amend [Dkt. No. 26] is **GRANTED** and Defendant's cross-motion to dismiss the Complaint [Dkt. No. 31] is **DENIED as moot**.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 24th day of July, 2019,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [Dkt. No. 26] is **GRANTED**; and it is further

**ORDERED** that Defendant's cross-motion to dismiss Plaintiff's Complaint [Dkt. No. 31] is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff shall file and serve the Amended Complaint within **seven (7) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**